No. A-CV-06-82

COURT OF APPEALS OF THE NAVAJO NATION

August 20, 1982

Doris CLEVELAND,
Billy YAZZIE and Mary UPSHAW, et.al., Appellants.

vs.

THE NAVAJO NATION, Appellee.

ORDER

Benjamin Curley, Esq., Office of the Prosecutor, Window Rock, Navajo Nation (Arizona) for appellee and Nona Lou Smith, Esq., Navajo Legal Aid, Window Rock, Navajo Nation (Arizona) for appellants.

This is an appeal from the determination of the Window Rock District Court as to the ownership of stray cattle, as provided in 3 NTC Sec. 1306. This appeal has been brought by two claimants who have made arguments in support of their appeal which are broad and wholly inadequate for the purpose of determining whether there is probable cause for the granting of an appeal.

When the appeal was filed, service of the appeal documents by means of certified mail was made upon Edward Martin, Esq., Norman Cambridge, Esq. and Benjamin Curley, Esq. Benjamin Curley, representing the interests of the Navajo Nation, filed a response to the appeal saying, "The Appeal is well taken and the relief therein requested should be granted." Attorneys Martin and Cambridge failed to answer, and now the appellants ask for the entry of a default in their favor.

The procedural question facing the Chief Justice are (1) Whether a default can be granted in an appeals case, and (2) Whether the parties can overturn a specific judgment of the trial court merely by agreement.

The general rule on the failure of an appellee to file a brief, as applied to our Rule 6(b), Rules of Appellate Procedure, would be this:

"On the failure of the appellee to file a brief, the appellant is not entitled to a reversal as a matter of right, but the court may, within its discretion, handle the matter in a manner most consonant with justice and its own convenience. It will not search the record to find a theory upon which to affirm the judgment and may confine itself to the objections raised by the appellant or treat the failure to file a brief as a concession of the truth of the facts as stated by appellant, or even as a

confession of error, if the appellant's brief appears reasonably to sustain such action." 5 Am.Jur.2d, Appeal and Error Sec. 686.

The reply of the Navajo Nation is in effect a stipulation that the appellants are correct, and the law of appeals on that point is that:

> "At least before the matter is taken under advisement by the appellate court, that court will generally honor a stipulation entered into by the parties for the disposal of the case. There-after the court is not bound to enter a judgment agreed upon by the parties, but may decide the case according to its own judgment. In any case, the reviewing court may, in a proper situation, decline to accept a proposed decree suggested by the parties, where the effect would be to reverse the judgment of the lower court." Id., Sec. 899.

Both the rule as to the effect of failing to file a brief and the rule as to stipulations should be interpreted to show due regard for the decision of the trial judge, sitting without a jury. Normally the appellant has the burden of showing error in the trial court's findings, and the appeals court will "indulge every reasonable presumption in favor of findings made by the court below as the basis of its decision." Id. Sec. 840.

The Chief Justice has the duty of reviewing appeals for statements of reasons which show probable cause for error. 7 NTC Sec. 801(b). In this case the appeal would normally have been denied for the failure of the appellants to comply with 7 NTC Sec. 801 by stating reasons why they want to appeal which show probable cause for review. However, the failure of the parties represented by Mr. Martin and Mr. Cambridge will be taken as a concession of the ownership rights of the appellants to the cattle in question and the Navajo Nation's stipulation as to the appellant's rights will be honored as well. This court will still apply the presumption that the Hon. Tom Tso was correct and did not err in his findings and judgments, but since there is an admission of the appellants' position through silence (as well as a contempt of this court) and since there is an agreement by the Navajo Nation that the appellants are correct in their claim, there is no reason not to exercise discretion by granting the relief sought and dismissing the appeal.

There is one final problem to be dealt with prior to a disposition of this appeal. Finding No 10 of the district court's February 22, 1982 order shows that the claimants to the cattle involved in this appeal were the appellants, Doris Cleveland, Dorothy Holtsoi, Marie Roanhorse and Robert Bennett. The district court record shows that Cleveland and Holtsoi were represented by Mr. Martin, but there is nothing to show who represented Roanhorse and Bennett. The certificate of service on appeal shows service upon Mr. Cambridge, but there is nothing to show who he represents.

Therefore the entry of judgment against Cleveland and Holtsoi is proper, but such an entry would be improper unless it is shown that Mr. Cambridge represents Roanhorse and Bennett or proper service of the appeal with time to answer is made upon them. Of course the stipulation of the Navajo Nation would not prejudice their rights.

Therefore, based upon these considerations, the Chief Justice enters the following ORDERS:

1. Upon the filing of affidavits or other adequate evidence that appellees Roanhorse and Bennett were represented by counsel on appeal who was served with appeal documents, this case will be remanded to the district court for the entry of judgment in accordance with this order;

2. If it appears that appellees Roanhorse and Bennett were not represented or served with respect to this appeal, they shall be served and permitted to file an answer;

3. If the appellants fail to comply with items 1 or 2 within ten days of the date of this order, this appeal shall be dismissed for failure to show probable cause for appeal;

4. If item is complied with within ten days, this case shall be remanded to the district court for entry of an amended judgment as to the relief sought, and the proceeds described in paragraph 2 of the order of the district court dated April 12, 1982 shall be paid over to the appellants.

NOTE: See p. 119 for further disposition.